## The Columbus and Indianapolis Central Railway Company *v.* Farrell.

PRACTICE.—*Supreme Court.*—*Credibility of Witnesses.*—Where upon appeal to the Supreme Court the question is one of the credibility of witnesses solely, the action of the lower court will stand.

NEGLIGENCE.—*Railroad.*—*Injury to Passenger.*—A railroad train ran beyond the platform for landing passengers at a certain station, and stopped over a culvert, and the proper servants of the railroad company announced the name of the station as a notification to the passengers for that station that the train was there; whereupon a passenger for that station who had paid the company the fare demanded of him, relying on the good faith of the company, alighted upon and into said culvert, without his fault or negligence, supposing he was alighting upon said platform, it being at night and so dark that he could not see that the train had not stopped at said platform; whereby he was greatly injured.

*Held,* that the company was liable for the injury so received.

SAME.—A railroad company is not legally responsible for the action of persons not its servants in falsely announcing the arrival of a train at a station, whereby a passenger in attempting to alight from the train is injured.

APPEAL from the Marion Civil Circuit Court.

Farrell sued the railroad company, averring in his complaint, that at the time of the injury complained of, the defendant was the owner and operator of the Columbus and Indianapolis Central Railway, extending from Indianapolis to Columbus, and likewise the owner and operator of all the rolling stock used upon said road, and was engaged in the business of common carrier for hire, of passengers and freight upon said road, by means of said rolling stock, and as such admitted the plaintiff into a car and train upon said road as a passenger thereon from Indianapolis to the town and station of Cumberland, in Marion county; that he then and there paid defendant the fare demanded from him by defendant; that by reason of the premises it became the duty of defendant to safely, carefully, and without negligence, carry the plaintiff from Indianapolis to Cumberland and safely, carefully, and without negligence, to land him and allow him to land from said car and train at Cumber-

land; and for that purpose it was the duty of defendant to stop said train and car at, opposite to, and against, the platform at said station; that whenever the train was stopped at and against said platform as it should have been, it was safe for passengers to get out of said car and train so stopped, at any time, whether day or night, said platform being an easy and safe landing from said cars; that when defendant received the plaintiff and undertook as aforesaid to carry him, it was night and dark; that defendant performed her said duty in that behalf so carelessly, that instead of safely and carefully carrying the plaintiff and landing him and suffering him to alight and land at and on said platform, the defendant stopped said train and car near to and over a certain culvert; that it was dark so that the plaintiff could not see that the train was not stopped at said station and platform as it should have been; that being so stopped, defendant announced, and caused to be announced, the station "Cumberland," as a notification to the passengers for that station that the train was there; that the plaintiff, relying on the good faith of the defendant, as he had a right to do, without any fault or negligence on his part whatever, stepped off said car, as he supposed upon the platform, but, in fact, down upon and into said culvert, a distance of twenty feet or more, and by so stepping off into said culvert and falling upon the same, received great, severe, and permanent hurts and injuries, and among others, a severe rupture, resulting in great and permanent hernia; and received such injuries to his brain and spinal column and marrow, as to cause permanent paralysis; and had his eyes injured and put out, whereby he became blind, and still is, of one eye; and was confined to his bed, by reason of said injuries, for a long time, to wit, for one year; and had to pay surgeons' and physicians' bills in a large sum, to wit, five hundred dollars; and was greatly damaged, to wit, in the sum of ten thousand dollars, &c.

The defendant demurred to the complaint, for want of

sufficient facts; the demurrer was overruled, and the defendant excepted.

The defendant then answered by the general denial, and also several special paragraphs upon which no question is made in argument here; and the plaintiff replied by the general denial.

The cause was tried by a jury, who found for the plaintiff, assessing his damages at three thousand dollars, and answered interrogatories.

A motion for a new trial made by the defendant was overruled, and the defendant excepted.

In the instructions to the jury, excepted to by the defendant, was the following:

"If the plaintiff did not alight from the train until it had been fully stopped, nor until the defendant's servants had announced the name of the station or it had been announced from the proper and usual place of making such announcement, he had a right to believe that the train had reached a proper stopping place, and that he could safely alight; and if he did then alight, and did so without knowing the danger of the place, and in consequence of the darkness of the night he had no reasonable opportunity of ascertaining the danger, and he was injured by so alighting, he will be entitled to a verdict. * * * If at the stopping of the train an announcement of the station was made at and from the point on the train where announcements were commonly and properly made, so as to be heard by the plaintiff, then the plaintiff had, from that, a right to believe that the train was at a proper and safe landing place; and if he stepped off, after the stopping of the train, without fault on his part, and received injury, then he would be entitled to recover. But if the announcement was made by a person not a servant of the company, and from a place not the usual and proper place on the car for making such announcement, or was the mere talk of the passengers upon the train, and was not within the knowledge of the defendant's servants, then the act of plaintiff in stepping off the train in an unsafe place would

not be caused by any fault or negligence of the defendant; and in such event the plaintiff would not be entitled to recover."

FRAZER, J.—We cannot reverse this judgment upon the evidence, as we are earnestly pressed to do. As it appears upon paper it creates a decided impression that the verdict was wrong. But that depends upon the credit due to the witnesses; and it may be if they had been examined in our personal presence as they were before the jury which found the verdict and the judge who overruled the motion for a new trial, that we would have thought otherwise. There are tests of truth in testimony impossible to be put into a bill of exceptions; and it is therefore wise that where the question is one of credibility only, the action of the lower court should stand.

The instruction to the jury, to the effect that the railroad company was legally responsible for the action of persons not its servants, in falsely announcing the arrival of the train at the station, whereby the plaintiff in attempting to disembark was injured, was not, in our judgment, a correct statement of the law. But this error was clearly harmless. The jury found, in answer to an interrogatory, that the announcement was, in fact, made by the proper servants of the defendant.

We think that the complaint was good.

The judgment is affirmed, with costs.

*J. L. Ketcham, J. L. Mitchell,* and *W. A. Ketcham,* for appellant.

*M. M. Ray, J. W. Gordon,* and *W. March,* for appellee.