The Pennsylvania Company v. Hoagland et ux.

No. 7149.

THE PENNSYLVANIA COMPANY v. HOAGLAND ET UX.

78 203
152 671

NEGLIGENCE.—*Railroad.*—*Passenger Trains.*—*Rights of Passengers.*—*Contributory Negligence.*—A passenger on a passenger train, unacquainted with the route of the railroad, and with the location of towns and cities along such route, may lawfully rely upon the statements of the conductor and brakemen in charge of the train, in regard to his stopping-place; and if, so relying, such passenger leaves the train at the wrong place, and is damaged thereby, the railroad company will be liable to such passenger for such damages, induced by the negligence of its agents in charge of the train, if there be no contributory negligence of such passenger. WOODS, J., dissents.

PRACTICE.—*Admission of Evidence.*—*Grounds of Objection.*—*Supreme Court.*— Where, on the trial of a cause, a party objects to a question put to a witness, the record must show that the party stated to the court the grounds of his objection, or the action of the court thereon will not be considered by the Supreme Court. In such a case, the party can not state one ground of objection to the trial court, and insist upon other and different grounds in the Supreme Court.

From the Porter Circuit Court.

*J. Brackenridge, J. R. Carey, A. Zollars* and *F. T. Zollars,* for appellant.

*G. W. Beeman,* for appellees.

HOWK, J.—This suit was commenced by the appellees, in the Starke Circuit Court, to recover damages for injuries alleged to have been sustained by the appellee Hattie E. Hoagland, the wife of her co-appellee, from the fault and negligence of the appellant's servants, and without fault on her part. The appellant answered, by a general denial of the complaint; and, on its application, the venue of the cause was changed to the court below. The issues joined were there tried by a jury, and a special verdict was returned, in substance, as follows:

" We, the jury, having been required to find a special verdict in this cause, do find the facts therein to be as follows:

"1. The defendant is a railroad corporation, operating a railroad extending from the city of Chicago, in the State of

Illinois, to and beyond the city of Plymouth, in the State of Indiana, and running through Starke county, in Indiana, conveying both freight and passengers, and was operating said railroad on the 15th day of December, 1876, and for several years prior thereto; that Grovertown is a station on said railroad, between the city of Chicago and the city of Plymouth, about ten miles west of said city of Plymouth, in said Starke county; that, on the 15th day of December, 1876, the plaintiff Hattie E. Hoagland purchased of defendant's agent, in said city of Chicago, a ticket entitling her to a passage in the defendant's cars, operated on said railway from the city of Chicago to the city of Plymouth; that she took passage on defendant's passenger train, which left Chicago at five o'clock and fifteen minutes, Chicago time, or five o'clock and thirty-five minutes, Columbus time, which was the time by which said railroad was operated; that, soon after said train left Chicago, Sylvester McMahon, the conductor in charge of said train, took up the ticket so purchased by the plaintiff, Hattie E., and gave her a conductor's check, with figures thereon, denoting that she had paid her fare to said city of Plymouth; that, soon after the said train left Wanatah, a station on the line of said railroad thirty miles west of the city of Plymouth, one of the brakemen on said train entered the car, in which the said Hattie E. was riding, and, in an audible voice, announced that the next station will be Plymouth; that, soon after the brakeman had made such announcement, the conductor of the train came to said Hattie E. and took up the conductor's check which he had given her on taking up her ticket; that she then asked the conductor, if the next station was Plymouth, to which he answered, 'Yes, the next station is Plymouth, your stopping-place;' that the train continued on its course until it reached Grovertown, when it run on the side-track and stopped; that no notice was given to the passengers on said train, by the conductor or brakemen thereof, or by any other person, that the train had not reached Plymouth; that the said Hattie E., relying upon the announce-

ment made by the brakeman, when the train left Wanatah, and upon the conductor's statement, when he took up her station-check, that the next station was Plymouth, in good faith believed that the train had reached Plymouth, and left the train; that, when she alighted from said train, a freight train was standing on the main track, and was just starting out; that, within one minute from the time said Hattie E. alighted from said passenger train, it moved off, and she was left entirely alone; that said train arrived at Grovertown at 8 o'clock and 43 minutes P. M.; that the night was very cold, with the wind blowing hard from the northwest; that Grovertown is a small station on said railroad; that, when Hattie E. alighted from said train, she was unable, on account of the darkness, to see any house or other building; that there was no light in sight, except the blue light at the end of the switch or side-track, at said Grovertown; that at the time, the said Hattie E. was wholly unacquainted with the country along the line of said railroad, and with said Grovertown; that she had never been on, or passed over, any part of said railroad prior to said day, and had never seen the towns, villages and country through which it passed; that, after alighting from said train, and after it and said freight train had moved off, she, the said Hattie E., started in search of some human habitation, where she could obtain shelter; that she followed back the railroad track a distance of near two miles, and finding no house, she turned around and retraced her steps, and after passing beyond the point where she alighted, and after having been out and exposed to the extreme cold for more than one and one-fourth hours, she finally found the house of Peter Welch, an employee of the defendant, where she remained until morning; that, by reason of such exposure to the cold, the said Hattie E. suffered severely in body, and was occasioned great anxiety of mind, and contracted a severe cold, and required the atttendance of a physician; that, when said train stopped at Grovertown, neither the conductor nor brakeman of said train was in the car in which the said Hattie E. was riding;

that when she was about to alight from said train, and after she had got outside of the car and on the platform, a brakeman stepped down from the platform of the car and said to her, ' I will help you off on this side, as a freight train is standing on the other side ;' that said brakeman did assist the said Hattie E. in getting off the car, and then said to her, ' Don't hurry, you have plenty of time ; stand still until the train passes by, and you are all right;' that said brakeman then went back into the car upon the platform of which he was when said Hattie E. first saw him ; that, on the following morning, the said Hattie E. went on the local freight train of the defendant, at Grovertown, and was carried thereon to the city of Plymouth ; that Grovertown was not a regular stopping-place for said train, but that it stopped there because it had been signalled to stop by the conductor of a freight train.

" We further find that, from the failure of defendant and its agents and servants, in charge of said train, in stopping the same at Grovertown without having given any notice to plaintiff Hattie E., that the train had not yet reached Plymouth, the said Hattie E. was induced to and did leave said train at Grovertown, and was subjected to said exposure, cold and suffering as aforesaid.

" If, upon these facts, the law is with the plaintiffs, then we find for the plaintiffs, and assess their damages at three hundred dollars.

" And, if the law is with the defendant, then we find for the defendant."

Over the appellant's motions for a new trial, and for a *venire de novo*, and its exceptions saved, the court rendered judgment for the appellees, the plaintiffs below, for the damages assessed in the special verdict, and the costs of suit; and from this judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In rendering the judgment for the appellees, when the same should have been rendered for the appellant;

2. In overruling its motion for a new trial;

3. In overruling its motion for a *venire de novo;*

4. In permitting the appellee Hattie E. Hoagland, over appellant's objections, to be sworn and examined as a witness on appellees' behalf, on the trial of this cause; and,

5. Because the special verdict was not sustained as to the facts found by the evidence, and found negligence as a matter of fact, instead of leaving it to the court as matter of law, and was in effect a general verdict.

It is earnestly insisted on behalf of the appellant, that the facts found by the jury, in their special verdict, do not show negligence on the part of the appellant's servants or employees, in the carriage of the appellee Hattie E. Hoagland, on its passenger train, from Chicago, Illinois, to Plymouth, in this State. Doubtless, it is true, as claimed by counsel, that, unless the facts found by the jury show, that the appellee Hattie E. without any contributory fault on her part, was induced to and did leave the appellant's train, before its arrival at her place of destination, by and through the fault and negligence of the appellant's servants, the law of the case was with the appellant, and the court should have rendered judgment accordingly. But it seems to us, that the facts found by the jury do show, that the injuries complained of were the direct result of the fault or negligence of the appellant's servants, in this, that they failed to notify the appellee Hattie E. Hoagland, when the train was stopped at Grovertown, that it had not yet reached the city of Plymouth. The conductor and brakemen, in charge of the passenger train, were the agents and representatives of the appellant; and the said Hattie E., as a passenger under their charge, had the right to rely implicitly upon their statements to her and in her hearing, that the next station or stopping-place of the train would be Plymouth, her place of destination. The jury found in their special verdict, that, when the said Hattie E. asked the conductor of the train if the next station was Plymouth, his answer was, " Yes, the next station is Plymouth, your stopping-place." It seems clear to us, that,

from the conductor's answer to her question, she had the right to believe, and to act upon such belief, without being chargeable with contributory negligence, that the next stopping-place of the train would be Plymouth, her stopping-place. It is manifest that the object of her question was to learn whether or not the next stopping-place of the train would be her stopping-place; and so, it would seem, from his answer to her question, she was understood by the conductor.

When, therefore, by an unexpected signal, the train was stopped at an unusual station, ten miles west of the city of Plymouth, we are of the opinion that it was the duty of the appellant's conductor, in view of what he had previously said to the appellee Hattie E. Hoagland, to have informed her promptly that the train had not yet arrived at Plymouth. This, the jury found, he had wholly omitted to do. In this omission, we think the conductor was guilty of negligence; and for the damages sustained by said Hattie E., in consequence of this negligence and without fault on her part, the appellant was properly held to be liable.

The appellant's counsel also complain, in argument, of the decisions of the trial court in overruling their objections to two certain questions propounded by the appellees to a witness, and in permitting the witness to answer. As to one of these questions, it is sufficient to say that the bill of exceptions shows, that the appellant did not point out or state to the court the grounds of its objection to the question or to the evidence sought to be elicited thereby. In such a case, the rule is settled that this court will not consider the admissibility of the evidence, nor any objections made here, either to the question or to the answer thereto. *Rosenbaum* v. *Schmidt,* 54 Ind. 231; *McCormick* v. *Mitchell,* 57 Ind. 248; *Peachee* v. *The State,* 63 Ind. 399.

As to the other question, the bill of exceptions shows, that the appellant pointed out a specified ground of objection thereto. In this court, however, the ground of objection below is abandoned; and the appellant's counsel here insist that

the decision below was erroneous upon entirely different grounds of objection, which were not pointed out to the trial court. These grounds of objection to the question this court will not consider.

We have now considered and decided all the questions presented and discussed by the appellant's counsel, in their brief of this cause; and we have found no error in the record before us, which, in our opinion, would authorize the reversal of the judgment below.

The judgment is affirmed, at the appellant's costs.

WOODS, J., dissents on the ground that the case shows contributory negligence on the part of the plaintiff.