No. 704.

EVANSVILLE & TERRE HAUTE RAILROAD COMPANY v. ATHON.

RAILROAD.—*Passenger.—What Constitutes.—Assisting Another to Board a Train.—When Person Assisting is a Passenger.*—Where a father assisted his invalid daughter on the cars at a station, with the agreement and understanding with the company that the cars would stop long enough to allow him to place his daughter thereon, and to alight therefrom in safety, the relation of carrier and passenger existed between the father and the railroad company, while the father was assisting his daughter thereon, and departing therefrom.

SAME.—*Passenger.—Degree of Care Due to by Carrier.—When Duty to Passenger Ends.*—A carrier is bound to exercise the highest degree of care to secure the safety of its passengers, and is responsible for the slightest neglect to them, and the duty of the carrier is not ended until the passenger is safely landed at his point of destination, if by the utmost care it can be done.

CONTRIBUTORY NEGLIGENCE.—*Pleading.—When General Averment Against not Sufficient.*—In an action for damages, the general averment of freedom from negligence is sufficient, unless the court can say as a matter of law from the facts pleaded that the plaintiff contributed to his injury.

SAME.—*Directing Passenger to Alight while Train is in Motion.—Negligence a Question of Fact.*—Where a conductor or a brakeman on a train directs a passenger to alight from the train while in motion, the question as to whether or not the passenger, in alighting from the train in obedience to the direction or command, is guilty of contributory negligence in so doing, depends upon the particular circumstances of each case.

From the Vigo Superior Court.

*J. E. Iglehart, E. Taylor, S. B. Davis, J. C. Robinson* and *S. M. Reynolds,* for appellant.

*J. Jump, J. E. Lamb, J. C. Davis, C. McNutt* and *J. G. McNutt,* for appellee.

DAVIS, J.—The substance of the material averments contained in the complaint is stated by counsel for appellant as follows:

The complaint charges that appellee, for the purpose of assisting his invalid daughter on the cars of appellant, at

the city of Terre Haute, on May 4, 1891, went to the station in said city, and to said cars, and with the agreement with appellant that the said cars would stop long enough to enable him to place his daughter on the train and to alight therefrom in safety. Relying on the said agreement and promise, he placed his daughter on the train, and proceeded to leave the same without delay. But before he could leave the car, the said train was negligently and wrongfully caused to be slowly moved forward. That he thereupon notified the agents, employes and servants of appellant in charge of said train, to stop the same that he might get off. They agreed and undertook to do so, and one of them pulled the signal cord for that purpose, but it had not been properly connected, and the signal attempted was not given, and the train did not slow or stop, but continued in motion; and at a time after the pulling of the signal cord, within which the train could have reasonably been stopped, had the signal reached the engineer, the agent who attempted to give the signal to stop, negligently and wrongfully directed and commanded appellant to alight from the train while it was in motion.

This was in the night, and it was very dark, by reason of which appellee could not see and did not know that the train was in motion, and stepped therefrom as directed and commanded.

He believed the signal had actually been given, and received by the engineer, and that in obedience thereto the engineer had stopped the train, and especially the car he was on. In stepping from the car, by the motion thereof, he was thrown to the ground and injured.

All the facts stated constituted negligence on the part of appellant, and claim is made that there was no fault or contribution on the part of appellee.

To this complaint a demurrer was filed, which was overruled, and exception taken.

It is insisted that the demurrer to the complaint should have been sustained.

The contention of counsel for appellant is that the facts alleged in the complaint affirmatively show, that the unreasonable and inexcusable act of appellee in attempting to get off the moving train, under the circumstances, was the proximate cause of his injuries; that the general averment that he was without fault or negligence does not negative the proposition, which it is urged is disclosed on the facts stated in the complaint, that the danger was not known or could not have been known by appellee, in the exercise of reasonable care and prudence, and thereby have been avoided.

It is well settled, that under the allegations in the complaint the relation of passenger and carrier existed between appellee and appellant, at the time of the acts complained of; that a carrier is required to exercise the highest degree of care to secure the safety of its passengers, and is responsible for the slightest neglect, if an injury is caused thereby; and that a carrier's duty is not ended with carrying a passenger safely from one point to another, but such carrier must set the passenger down safely, if in the exercise of the utmost care it can be done. *Louisville, etc., R. R. Co.* v. *Crunk*, 119 Ind. 542; *Sherlock* v. *Alling, Admr.*, 44 Ind. 184; *Thayer* v. *St. Louis, etc., R. R. Co.*, 22 Ind. 26; *Terre Haute, etc., R. R. Co.* v. *Buck, Admx.*, 96 Ind. 346.

It has been held that it is negligence for an officer of a railroad to induce a passenger to leave a train while in motion. *Bucher* v. *N. Y. Central, R. R. Co.*, 98 N. Y. 128; *Filer* v. *N. Y. Central, R. R. Co.*, 49 N. Y. 351.

The important question for our present inquiry is, whether the complaint shows that appellee was not in fault.

It has been held that knowledge of danger is not always conclusive evidence of contributory negligence, although the fact of such knowledge may have an important bear-

ing upon that question. *Ohio, etc., R. W. Co.* v. *Trowbridge,* 126 Ind. 391; *Evansville, etc., R. R. Co.* v. *Crist,* 116 Ind. 446; *Town of Poseyville* v. *Lewis,* 126 Ind. 80.

It has also been decided that it is not negligence *per se* for a passenger to step from a moving train, especially where the passenger is acting under the directions of the trainmen. *Louisville, etc., R. R. Co.* v. *Crunk, supra; Bucher* v. *N. Y. Central R. R. Co., supra; Filer* v. *N. Y. Central R. R. Co., supra.*

The general averment that the appellee was without fault is controlling, unless it clearly and affirmatively appears from the other facts alleged in the complaint that he was guilty of contributory negligence. The court must be able to say, as a matter of law from the specific averments, that appellee was guilty of contributory negligence, or else the general averment that appellee was free from fault will make the complaint good as to that point. *Kentucky, etc., Bridge Co.* v. *Quinkert,* 2 Ind. App. 244; *Town of Rushville* v. *Adams,* 107 Ind. 475; *Pittsburgh, etc., R. W. Co.* v. *Wright,* 80 Ind. 182; *City of Franklin* v. *Harter,* 127 Ind. 446; *Louisville, etc., R. W. Co.* v. *Stommel,* 126 Ind. 35; *Pennsylvania Co.* v. *O'Shaughnessy, Admr.,* 122 Ind. 588; *City of Elkhart* v. *Witman,* 122 Ind. 538.

The averments in substance are, that while appellee was on the train, the same moved slowly forward, whereupon appellee asked the trainmen to stop the train that he might alight in safety; that the trainmen undertook to stop the train, and that one of them pulled the whistle rope to signal the engineer to stop; "that at a time after pulling said signal rope—within which the train might and could reasonably have stopped, had the signal reached the engineer,"—said agent, who had pulled the signal rope, directed appellee to alight; that it was in the night time, and was very dark; that by reason thereof appellee could not see and did not know that said train was in motion, and stepped therefrom as directed, and in obedience

to such direction; that said appellee at the time believed that the said signal attempted to be given had been actually given, and had reached the engineer, and he further believed that said engineer had, in obedience to said supposed signal, stopped said train.

It may be stated as a general proposition that when the conductor or brakeman, on the train, who is presumed to be familiar with the danger incident to getting on or off slowly moving trains, directs a passenger, who may be ignorant of such danger, to get off the train, although in motion, such passenger will ordinarily naturally presume that the conductor or brakeman knows that it is entirely safe, or he would not give the direction. *Filer* v. *N. Y. Central, R. R. Co., supra; Cincinnati, etc., R. R. Co.* v. *Carper*, 112 Ind. 26; *Louisville, etc., R. R. Co.* v. *Kelly*, 92 Ind. 371; *Kentucky, etc., Bridge Co.* v. *Quinkert, supra.*

The question whether such act is of itself contributory negligence depends in each case on the surrounding circumstances. *Terre Haute, etc., R. R. Co.* v. *Buck, Admx., supra.*

The act of getting on or off a moving train should not be encouraged. If the passenger is aware of the danger, or the danger could be known to him, in the exercise of reasonable care and prudence, such act will ordinarily constitute contributory negligence.

In view of the general averment that appellee was without fault, the court can not say, as a matter of law, on the specific facts alleged in the complaint, that appellee was, under the circumstances stated, guilty of contributory negligence on the occasion when he was injured. *Terre Haute, etc.,* v. *Buck, supra; Pool* v. *Chicago, etc., R. W. Co.*, 56 Wis. 227; *Chicago, etc., R. R. Co.* v. *Barnes*, 2 Ind. App. 213; *Columbus, etc., R. W. Co.* v. *Farrell*, 31 Ind. 408, and authorities hereinbefore cited.

In the case of *Cincinnati, etc., R. R. Co.* v. *Peters*, 80 Ind. 168, there was no general averment that the plaintiff was free from contributory negligence.

Our conclusion is that the court did not err in overruling the demurrer to the complaint.

The next question discussed relates to the sufficiency of the evidence to sustain the verdict. The basis of the argument of counsel for appellant is stated by them as follows:

" It will be remembered that the substantial charge is that it was agreed that appellant should stop the train that he might alight, that he did not know that the train was in motion, and that he 'stepped therefrom as instructed, directed and commanded, and in obedience to said instruction, direction, and command.'

" The instruction, direction and command, if any, and the obedience thereto, was the proximate cause of the injury, and if recovery in this case can be had, it must rest on such grounds, provided appellee is free from contribution.

" There was no such instruction, direction or command, nor was there anything said by any of the alleged servants, which, by any rule of construction, can be made to express or imply any such charge."

The evidence tends to show, that appellee's daughter, Nora Wilson, was suffering from " quick consumption" of the lungs, from which she died within about two months from the time appellee was injured, and that she was in an almost helpless condition at that time; that appellee purchased two sleeping-car tickets of appellant's agent at Terre Haute, as well as two regular tickets, with the intention and purpose of sending his daughter South, for her health. At the time he purchased the sleeping-car tickets he notified appellant's agent that he wanted a whole section of a sleeper, because he wanted to send an attendant with his daughter, who was sick. On the night of May 4, 1891, appellee went to the station, and with the help of a hackman, assisted his daughter on the train, she being almost helpless; none of the trainmen offered him

any assistance; the conductor admitted that he knew that some of the party were not going on the train, but were to get off before the train started; appellee was seen by the trainmen assisting his sick daughter on board. As soon as appellee had got on the train, and had taken his daughter to her seat, she called his attention to the fact that the train had started, appellee himself not having noticed the motion of the car. He was then in the center of the car, and "left at once" and "went right out to the front end of the car." There were two men standing in the front end of the car, and appellee said, "I want to get off here." One of the two men, the Pullman conductor, reached up and pulled the bell rope, without saying a word. After pulling the bell rope, the conductor opened the door leading from the body of the car on to the platform, and opened the side door (the train was vestibule) leading down to the steps; the conductor then stood facing appellee, and said, "You can get off now," and appellee went right out at once. Some little time had elapsed between the pulling of the signal rope and the time that the conductor said "you can get off now." It happened that the signal cord did not give the signal, and the engineer, therefore, had not made any attempt to stop the train. The train was moving so slowly that appellee did not feel the motion, and it was "about as dark as it usually gets." Appellee was led by all of the surrounding circumstances to believe that the train had stopped, but he knew that the step was a long one, as there was no platform at that place, "and took precaution on that account to get off, holding to the railing of the end of the car," and notwithstanding his care, he was, in getting off, thrown on his shoulder and severely injured.

On these facts counsel for appellant say:

"The language used, 'you can get off now,' was neither instruction, direction or command. At best it was but the expression of an opinion by the party who spoke the words.

"In *Vimont* v. *Chicago, etc., R. R. Co.*, 28 Am. and Eng. R. R. Cas. 210, it was held by the Iowa court that the words 'jump off quick, if you are going to,' did not constitute a requirement to leave the train, and were nothing more than words of advice.

"To the same effect, the words 'to get off quickly,' were construed in *Lindsey* v. *Chicago, etc., R. R. Co.*, 18 Am. and Eng. R. R. Cas. 179.

"In the *Jeffersonville R. R. Co.* v. *Swift*, 26 Ind. 459, the words were, 'you could if you would,' or 'you might if you would.'

"The court, on page 473, said: 'He did not tell him to leap, and the words used could scarcely, by a fair construction, be understood as advising him to leap, much less as a command to do so.' "

Counsel then argue that his act constituted contributory negligence, and cite *Cincinnati, etc., R. R. Co.* v. *Peters, supra*; *Chicago, etc., R. R. Co.* v. *Randolph*, 53 Ill. 510; *S. and N. Alabama R. R. Co.* v. *Schaufler*, 21 Am. and Eng. R. R. Cas. 405.

We can not agree with counsel on these questions. The authorities cited, it may be conceded, correctly enunciate the principles applicable to the particular cases in which the decisions were made.

The words "instruct," "direct," and "command," are used in the complaint in this case to indicate that appellee was acting on the judgment and under the guidance of the officers in charge of the train, and that he was negligently misguided by them. The words are not used to indicate that appellee was put under "duress," or that he was "coerced."

Under all the attending circumstances, the conduct and words of the conductor were sufficient to justify the jury in finding that appellee acted under and pursuant to his direction.

Evansville & Terre Haute Railroad Company v. Athon.

In *Bucher* v. *N. Y. Central, R. R Co.*, *supra*, the court held it was negligence for the officers of a railroad company to induce a passenger to leave a train while in motion.

In *Terre Haute, etc., R. R. Co.* v. *Buck, Admr.*, *supra*, the Supreme Court held that a railroad company was liable for injuries sustained by a passenger, on account of the wrongful invitation to him to alight, although such invitation was in that case implied from the conduct of the company.

The words and acts of the conductor combined, and in connection with all of the circumstances, tended to prove an invitation and direction to appellee to alight.

Under the facts and circumstances in support of which testimony was introduced, we can say that there was evidence tending to prove that appellee was not in fault. *Cincinnati, etc., R. R. Co.* v. *Carper*, 112 Ind. 26; Beach on Contributory Negligence (2d ed.), 450, 451.

It was proper in this case to consider the Pullman conductor as the servant of appellant. 14 Am. and Eng. Ency. of Law, p. 806, note 1; *Thorpe* v. *N. Y. Central R. R. Co.*, 76 N. Y. 402; *Railroad Co.* v. *Walrath*, 38 Ohio St. 461; *Pennsylvania Co.* v. *Roy*, 102 U. S. 451.

The only other error to which our attention has been invited relates to the instructions given and refused. The objections made, on this branch of the case, are general. No error has been pointed out either in the instructions given or refused. We have read the instructions which were given, and are of the opinion that they fully and correctly state the law applicable to the evidence in the case.

The evidence tends to sustain every material averment contained in the complaint.

We find nothing in the record indicating that a correct result was not reached in the court below.

Judgment affirmed.

Filed March 2, 1893.