JOE H. STEWART v. THE INTERNATIONAL & G. N. R. R. Co.

*(Case No. 3736.)*

1. RAILWAY COMPANIES — DAMAGES.— It is the duty of railway companies to provide reasonable accommodations at their stations, for passengers who have occasion to travel on their roads; to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do, or would, naturally resort, as well as all portions of their station grounds reasonably near to the platforms, where those who have purchased tickets with a view to take passage on their cars would naturally or ordinarily go.

2. NEGLIGENCE — RAILWAY COMPANY — PLEADING.— In a suit for damages brought by a passenger for injuries resulting from the negligence of the company, the petition alleged that the company neglected to provide " proper lights and accommodations for passengers at its freight depot;" that plaintiff being unable from the darkness of the night to see when he alighted from the car, fell, and injuries to his person were occasioned by the neglect.   *Held,* that on general demurrer the petition was sufficient.

19

APPEAL from Travis. Tried below before the Hon. E. B. Turner.

The character of the suit and issues of law involved are apparent from the petition. The petition alleged dangerous and permanent injuries suffered by the plaintiff by his fall from a platform at a freight depot, and which consisted chiefly of the following: "Dislocation of his right arm at the shoulder, sprain of both ankles, bruise on the left knee, breaking of the bone of the left elbow, breaking of the cartilage and ligaments of the left elbow, breaking of the cartilage and ligaments of the left wrist, sprain of the left wrist, sprain of the left hip joint, general derangement of the whole system, producing injuries to the optic nerves, causing temporary blindness and soreness of the eyes, all of which said injuries are permanent, and of a nature to seriously affect his ability to make a living in his usual and regular avocations." The petition alleged negligence in the failure of the railroad company to provide "proper lights and accommodations for passengers at its freight depot," and that the injuries stated resulted therefrom.

*Joe H. Stewart* and *Fred. Carleton* for appellant.

I. It is negligence and breach of contract for a carrier of passengers for hire, to compel them to land at an unusual place of landing, and that such carrier becomes responsible for any injuries incurred by reason thereof. See Angell on Carriers, sec. 531; Story on Bailments, sec. 600; Weed *et al. v.* Saratoga & Schenectady R. R. Co., 19 Wend., 534; Mobile R. R. Co. *v.* McArthur, 43 Miss., 180; Memphis & Charleston R. R. Co. *v.* Whitfield, 44 Miss., 467.

II. It is negligence for a carrier of passengers for hire, not to keep lights about its depots and landing places, where it lands passengers at night. See Patten *v.* Chicago & N. W. R. R. Co., 32 Wis., 524; Columbus & Ind. Cent. R. R. Co. *v.* Farrell, 31 Ind., 408; Gaynor *v.* Old Colony & Newport R. R. Co., 100 Mass., 208; Weiser *v.* Penn. R. R. Co., 64 Pa. St.,

225; Huelsenkamp *v.* Citizens' R. R. Co., 37 Mo., 537; Mc-
Elroy *v.* Nashua R. R. Co., 4 Cush., 400; Taylor *v.* Grand
Trunk R. R. Co., 48 N. H., 304; Beard *v.* Conn. & Pass.
Rivers R. R. Co., 48 Vt., 101.

III. It is the duty of a carrier of passengers for hire, when
it lands passengers at night in an unusual place, to provide
lights by which they may find their way, and that if they fail
so to do, and injury results, if the passenger uses ordinary
caution and prudence, the carrier is liable to him for his dam-
ages sustained. See same authorities as those referred to for
propositions 1 and 2.

*Peeler & Maxey* for appellee.

I. Unless by statute it is made the duty of a railroad com-
pany to keep lights at its depots, the absence of such lights is
not negligence in law. There was not at the time of the al-
leged default, and has never been, any law of this state requir-
ing railroad companies to keep lights at their depots, and plaintiff
nowhere alleges in his petition that it was the duty of the de-
fendant to keep lights at the freight depot at which he says he
was landed. In the judgment plaintiff expressly waives any
damages for anything occurring anterior to his landing at the
freight depot. He nowhere alleges that he was not safely
landed, and the demurrer was only sustained as to so much of
plaintiff's petition as seeks to recover from the defendant for
alleged injuries after he had safely alighted and landed from
the cars of the defendant. Texas & Pacific R. R. Co. *v.* Mur-
phy, 46 Tex., 370.

II. When the doing of a particular thing, such as keeping
lights, is not imposed as a duty by law, it must arise from
general custom known to and acted on by the public before
the omission to do it is negligence, and the existence of the
custom upon which the breach of duty and consequent right
of recovery would depend, must be alleged. Plaintiff nowhere
alleges in his petition that it was the custom of the defendant
to keep lights at its freight depot. He waives in the judg-

ment all damages for not being landed at the passenger depot. He wholly fails to set up any custom or duty of the defendant as to lights at either depot.   Texas & Pacific R. R. Co. *v.* Murphy, 46 Tex., 370; R. R. Co. *v.* Doyle, 49 Tex., 190; B. & Q. R. R. *v.* Harwood, 90 Ill., 425; M. H. & O. R. R. *v.* Gordon, 41 Mich., 433; Hahn *v.* S. R. R. R., 51 Cal., 605; Ream *v.* P. & F. R. R., 49 Ind., 93.

III. The mere absence of lights at a freight depot is not negligence *per se;* nor was it the duty of the defendant to keep lights at its freight depot.   Forsyth *v.* B. & A. R. R., 103 Mass., 510.

IV. The mere omission of the defendant to have lights at its freight depot, even if it had been required so to do by statute, would not of itself render the defendant liable.   To make such omission negligence for which the plaintiff can recover, it must be averred and proved that injury resulted from this omission as the proximate cause.   Brandon *v.* Manuf'g Co., 51 Tex., 121; H. & T. C. R. R. *v.* Nixon, 3 Tex. L. J., 177; G. H. & S. R. R. *v.* Le Gierse, 51 Tex., 189; R. R. Co. *v.* Doyle, 49 Tex., 190; M. & C. R. R. *v.* Chastine, 54 Miss., 503; Hewison *v.* New Haven, 34 Conn., 136; O. M. R. R. Co. *v.* Hatton, 60 Ill., 12; and authorities cited under second counter proposition.

V. When plaintiff safely landed from the cars at the freight depot of defendant, his contractual relations with the defendant as passenger ceased.   Under his waiver in the judgment, if he suffered injury subsequently, it was not as a passenger. He must therefore state facts showing that it was necessary or proper for him to be on the platform other than as a passenger; and that as to him particularly, or as a member of the public at large, it was the legal duty of the defendant to have kept lights, and that its failure to discharge this duty was the proximate cause of his stepping off the platform, the proximateness of cause being a question of law.   Brandon *v.* Manuf'g Co., 51 Tex., 121; Pullman Palace Co. *v.* Barker, 4 Col., 344; J. R. R. *v.* Parmalees, 51 Ind., 42; I. C. R. R. *v.* Green, 81 Ill., 19; and

authorities cited under preceding and second counter proposition.

VI. The case being submitted to the court below on demurrer to the petition, and the demurrer being sustained as to a part of the petition, and the rest of the petition being abandoned and judgment final rendered so as to enable plaintiff to appeal, the question presented in the court below, and in this court, is purely one of law, viz.: are the facts stated in that part of the petition to which the demurrer is sustained sufficient to constitute negligence as matter of law. Plaintiff does not complain that the question of negligence was not submitted to the jury as one of fact. He did not ask leave to amend, but elected to stand on the judgment on demurrer. He assigns as his sole error that his petition did set out facts which constituted a good cause of action. Wood v. Evans, 43 Tex., 175; Goodlett v. Stamps, 29 Tex., 121; Brandon v. Manuf'g Co., 51 Tex., 121.

VII. Defendant can only be made to pay damages on the ground that it has broken the law. When the judgment of the court is challenged on an undisputed state of facts, the court, instead of confessing its inability to state what the law is, should decide the question, and it is not a charge or comment on the weight of evidence to announce the law on facts admitted by demurrer. Brandon v. Manuf'g Co., 51 Tex., 121; H. & T. C. R. R. v. Smith, 3 Tex. L. J., 386; Goldstein v. C., M. & St. P. R. R., 46 Wis., 404; Williams v. A., T. & S. F. R. R., 22 Kan., 117; P. R. R. v. Fries, 87 Pa. St., 224; Donaldson v. M. & St. P. R. R., 21 Minn., 15.

VIII. If defendant is made to pay damages, it is because it has failed to come up to a legal standard of duty. It is for the court to say on undisputed facts arising on the pleadings, what this legal standard is, and not leave the parties to the accidental feelings and varied whims of a jury. Brandon v. Manuf'g Co., 51 Tex., 121; Fletcher v. A. & P. R. R., 64 Mo., 484; Maher v. Same, 64 Mo., 267; Goldstein v. C., M. & St. P. R. R., 46 Wis., 404; and authorities cited under preceding proposition.

GOULD, ASSOCIATE JUSTICE. — The questions presented in this case grow out of the action of the court in sustaining a demurrer to the petition.

The petitioner alleges the purchase by him from defendant of a ticket from Round Rock to Austin, whereby he became entitled to ride on the cars of defendant from Round Rock to Austin on said day (July 2, 1877); that defendant did not leave petitioner at its usual place of stopping in the city of Austin, to wit, at the passenger depot, but at the freight depot. He further alleges:

"That on the arrival of the cars of the defendant as aforesaid at the freight depot aforesaid, petitioner, with numbers of other passengers in the cars of defendant, at the request of the employes of defendant and by their instruction, emerged from the cars of defendant, petitioner supposing and believing that he was at the regular passenger depot of defendant, when in truth and in fact, as before alleged, he was at the freight depot of defendant. And petitioner further alleges, that he was not advised or informed by any agent or employe of defendant that the cars had not stopped and were not then at the regular passenger depot of defendant; that at the time of the arrival of petitioner as aforesaid on the cars of the defendant as aforesaid, it was dark, being about the hour of 12:30 A. M.; that the defendant had no lamps in and about its said freight depot, by the light of which petitioner and other passengers in said cars could find their way. That in consequence of the neglect of defendant in not providing lights in and about its said freight depot, and by reason of the darkness then existing, petitioner while moving and walking along the platform of defendant's said freight depot with all usual care and caution of a prudent man, walked and tumbled off the said platform of said defendant, and fell to the ground therefrom a distance of some six feet.

"That by reason of the fall aforesaid caused by the negligence of the defendant aforesaid, and by its failure as aforesaid to land petitioner at the usual and proper place of landing in the

city of Austin aforesaid, to wit, at the passenger depot," petitioner sustained serious personal injuries to his damage ten thousand dollars. It is also alleged "that the defendant was guilty of breach of contract in not complying with its contract to land petitioner at its passenger depot in said city of Austin, and was guilty of neglect and want of proper care in not providing proper lights and accommodations for its passengers at its freight depot as aforesaid, at the date and time last aforesaid, and that all the injuries aforesaid were inflicted upon petitioner by the defendant through its own careless, negligent and wrongful acts."

Upon the defendant's demurrer to the sufficiency of the petition, the following judgment was rendered:

"On this, the 4th day of December, A. D. 1877, came the parties by their attorneys, and then came on to be heard the demurrer to the petition, and the arguments of counsel thereon being heard, it is the opinion of the court that as to so much of the plaintiff's petition as seeks to recover from the defendant for alleged injuries to the plaintiff, after he, the said plaintiff, had safely alighted and landed from the cars of the defendant, the law is for the defendant, and the demurrer to that extent sustained; and on suggestion of attorneys for plaintiff, that plaintiff does not ask or claim from defendant any damages for anything occurring anterior to the landing of plaintiff from defendant's cars, or for any supposed breach of contract on the part of defendant in not landing plaintiff at the regular passenger depot in the city of Austin, judgment final on demurrer is here rendered for defendant, and the petition dismissed, to which plaintiff excepts and gives notice of appeal to the supreme court. It is therefore considered by the court that the defendant go hence without day, and that he recover of the plaintiff his costs in this behalf expended, for which he may have execution."

The construction of this judgment claimed by appellee, and some of the legal positions assumed, may be gathered from the following proposition submitted by counsel in support of the action of the court:

When plaintiff safely landed from the cars at the freight depot of defendant, his contractual relations with the defendant as passenger ceased. Under his waiver in the judgment, if he suffered injury subsequently, it was not as a passenger. He must therefore state facts showing that it was necessary or proper for him to be on the platform other than as a passenger; and that as to him particularly, or as a member of the public at large, it was the legal duty of the defendant to have kept lights, and that its failure to discharge this duty was the proximate cause of his stepping off the platform, the proximateness of cause being a question of law.

The opinion of the court below seems to have been announced that plaintiff could not recover for the alleged injuries received "after he had safely alighted and landed from the cars;" thereupon the plaintiff's attorneys waived his claim for damages for anything occurring anterior to the landing, or for the breach of contract in failing to land him at the right depot. But we do not understand them as having waived or withdrawn any of the averments of the petition affecting the plaintiff's right to recover as passenger or otherwise, for the personal injuries received from the fall after he had alighted.

The petition was framed to recover as passenger from the carrier, and to abandon his claim in that capacity for damages for injuries received from the fall, by no means follows from his disclaimer as to other damages.

The proposition that the "contractual relations with the defendant as passenger" ceased when he safely alighted from the cars at the freight depot, is not believed to be correct. It is the duty of railway companies to provide reasonable accommodations at their stations for passengers who have occasion to travel on their roads. They are under obligation "to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do or would naturally resort, as well as all portions of their station grounds, reasonably near to the platforms, where passengers, or those who have purchased tickets with a view to take passage on their cars, would naturally or ordinarily be likely to go."

The cases are numerous where passengers have recovered for injuries received after alighting from the cars, the railroads having failed to exercise due care in providing means for safe egress. McDonald *v.* Chicago & N. W. R'y Co., 26 Iowa, 124; Patten *v.* Chicago & N. W. R'y Co., 32 Wis., 533; Osborne *v.* Union Ferry Co., 53 Barb., 629; Gaynor *v.* Old Colony, etc., R'y Co., 100 Mass., 211; Imhoff *v.* Chicago, etc., 20 Wis., 364; Columbus & Ind. R'y Co. *v.* Farrell, 31 Ind., 408; Martin *v.* G. N. R'y Co., 81 Eng. Com. Law, 179; Nicholson *v.* Lancashire & Yorkshire R'y Co., 3 Hurlstone & Coltman, 534; Caterham R'y Co. *v.* London R., 87 Eng. Com. Law, 410; Shearman & Redf. on Negligence, sec. 275; Hutchinson on Carriers, sec. 516 *et seq.;* Redfield on Carriers, sec. 514.

The petition charged the railroad with neglect of duty in not providing "proper lights and accommodations for passengers at its freight depot" at the time, and that plaintiff's fall and injuries were occasioned by that neglect. It is unnecessary to inquire whether the averments would have been sufficient if specially excepted to. On general demurrer the petition was, we think, sufficient. Whether it was, under the circumstances, negligence in the railroad not to provide lights at the freight depot, was a question of fact for the jury. The court, by sustaining the demurrer, precluded plaintiff from having that and other questions of fact passed upon by the jury, and in so doing the court erred.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 7, 1880.]