## FORDYCE V. MERRILL.

1. PLEADING: *To merits after demurrer overruled.*

    By answering after his demurrer to the complaint is overruled, a defendant waives all objections to the ruling, except the want of jurisdiction and the failure of the complaint to state a cause of action. *Chapline v. Robertson, 44 Ark., 202.*

2. RAILROAD COMPANIES: *Duty to provide lights at stations.*

    It is the duty of railroad companies to provide lights at their stations for the safety of passengers arriving or departing at night; and they are liable to passengers for injuries resulting from the want of such lights, unless it is shown that the passenger's contributory negligence caused the injury.

3. PLEADING: *Practice: Cause of action defectively stated.*

    In an action for injuries received by reason of the defendant's negligence, if the complaint states a good cause of action, but the allegations specifying the particular manner in which the plaintiff was injured are deemed insufficient, the remedy is by motion to make more definite and certain, and not by demurrer.

APPEAL from *Ouachita* Circuit Court.

B: F. ASKEW, Judge.

*B. W. Johnson* for appellant.

A promise by the conductor to see appellee off the train not binding on the company. *Wood's Ry. Law, vol. 1, 449; 2 Redf. on Rys., 298–9.*

Appellee was guilty of contributory negligence; for if there were no lights she should not have attempted, in her condition, to get off the train. *2 Wood Ry. Law, 1098, 1107; 41 Ind., 269; 26 id., 228; 51 Mo., 141; 56 Penn., 234.*

Unless it is made the duty of a railroad company, by statute, to keep its platforms lighted, the absence of such lights is not negligence, in law; and if it is a custom of such companies to do so, then this custom must be so charged in the complaint and proved on the trial. *46 Tex., 370; 51 Cal., 425; 49 Ind., 93; 90 Ill., 425.*

The complaint did not state a cause of action, and the demurrer should have been sustained.

*H. G. Bunn* for appellee.

1.   Railroads are responsible for damages occasioned by their failure to keep proper lights at their depots.   *53 Tex., 289; 34 So. Am., 777; 18 A. & E. R. Cases, 153.*

2.   The verdict is not excessive.   The jury found for appellee upon sufficient evidence, and this court will not disturb the verdict.   *27 Ark., 592; 31 id., 163.*

COCKRILL, C. J.   The appellee was a passenger on the Texas & St. Louis Railway, and fell and was injured while alighting from the train at her destination.   She sued and had judgment for $3000.   The bill of exceptions taken by appellant shows the evidence, and nothing more.   No mention is made in it of any exceptions taken during the trial, or of a motion for new trial.

There was a demurrer to the complaint, which was overruled, after which defendant answered and went to trial.   The only questions presented, therefore, are :   Had the court jurisdiction ? and, Does the complaint state a cause of action?   *Chapline v. Robinson, 44 Ark., 202; Holleville v. Patrick, 14 id., 208.*

No question is or can be made as to the jurisdiction of the court.

The plaintiff alleged in her complaint that she was a passenger on the appellant's train ; that she arrived at her destination at night: that the depot platform, through the negligence of appellant, was not provided with lights, and that by reason of appellant's failure in its duty to provide lights she fell, and was injured in attempting to get upon the platform.

It is the duty of railroad companies to have their stations lighted for the accommodation and safety of passengers arriving or departing upon their trains, and they are liable to them for injuries resulting from the want of such lights, unless it is shown that the passenger's contributing negligence caused the injury.　*Thomp. on Car., 108; Benuemann v. St. P., M. & M. Ry. Co., 18 Am. & E. Ry. Cases, 153; S. C., 32 Minn., 390; Peniston v. C., St. Louis & N. O. Ry., 34 La. Ann., 777.*

The complaint set forth a cause of action that was good on demurrer.　*Stewart v. Int. & G. N. Ry., 53 Tex., 289.*

If the allegations specifying the particular manner in which the plaintiff was injured, or the particular cause of her fall, were deemed insufficient, a motion to make the allegations more certain or specific was defendant's remedy.　A demurrer could avail nothing.　*Ball v. Fulton County, 31 Ark., 379; McIlroy v. Adams, 32 id., 315; McCreary v. Taylor, 38 id., 393.*

Affirm.