Lucas *v.* The Pennsylvania Company.

No. 13,825.

## LUCAS *v.* THE PENNSYLVANIA COMPANY.

RAILROAD.—*Platform Between Stations.—Duty to Keep in Repair.—Liability for Negligence.*—Where two railroad companies use in common a platform extending from the station of one to that of the other, and over which their passengers may be expected to pass in going from one station to the other, they are bound to keep it in safe condition, and are both liable for injuries resulting to passengers from their failure to do so.

From the Porter Circuit Court.

*E. D. Crumpacker, P. Crumpacker* and *H. A. Gillett,* for appellant.

*J. Brackenridge,* for appellee.

ELLIOTT, C. J.—The special verdict rendered in this case is set forth in the opinion delivered in the case of *Louisville, etc., R. W. Co.* v. *Lucas,* 119 Ind. 583, and the only question presented by this appeal is, whether the facts stated entitled .the appellant to a judgment against the appellee.

We have no brief or argument from the appellee, and we are unable to discover any ground upon which the judgment can be sustained, for the facts stated very satisfactorily show that both of the defendants were guilty of a breach of duty. The appellant had alighted from the train of one of the defendants, and was making her way to the proper place to take passage on the train of the other. She was not an intruder as to either, but she was entitled to protection from both. Neither had a right to permit a platform which it was natural that a reasonable and prudent person would traverse in passing from one station to the other to become and remain unsafe. The situation of the platforms and the surroundings were such as to make it natural for a person alighting, as the appellant did, from a train of the one defendant, intending to take passage on the train of the other,

defendant, to pursue the course she took in her attempt to pass from the one station to the other.

The defendants were bound to know that passengers who intended to pass from the one station to the other might be misled by the situation and construction of the . platform, and it was the duty of both to provide against injury to passengers by making safe the platform used by them in common, and upon which one going from one station to the other would probably walk. *Longmore* v. *Great Western R. W. Co.*, 19 C. B. N. S. 183; *McKone* v. *Michigan Central R. R. Co.*, 51 Mich. 601; *Louisville, etc., R. R. Co.* v. *Wolfe*, 80 Ky. 82; *Knight* v. *Portland, etc., R. R. Co.*, 56 Me. 234; *Hulburt* v. *New York Central R. R. Co.*, 40 N. Y. 145.

In the appeal of the Louisville, New Albany and Chicago Company, we stated the rule of law which governs railroad companies in cases like this; and that is, perhaps, all that we need do, but the rule is so well stated in a very recent work that we quote it : " The depot and connected grounds, visited by coming and going passengers, should be fitted up with a careful regard to their comfort and safety. The approaches, the tracks around, the platforms and places for entering and leaving the cars, the passages to the cars ; every spot likely to be visited by passengers seeking the depot, waiting at it for trains, or departing ; should be made safe and kept so, and at reasonable times should be lighted. And passengers not in fault, injured through a neglect of this duty, may have compensation." Bishop Non-Contract Law, section 1086. Many decisions are adduced in support of the text.

The fact that the negligence of the Louisville, New Albany and Chicago Company concurred with that of the appellee does not relieve the latter from liability. *Louisville, etc., R. W. Co.* v. *Lucas, supra,* and authorities cited ; *Town of Knightstown* v. *Musgrove*, 116 Ind. 121; *Colegrove* v. *New York, etc., R. R. Co.*, 20 N. Y. 492 ; *Cuddy* v. *Horn*, 46 Mich. 596 ; *Kain* v. *Smith*, 80 N. Y. 458 ; *Wabash, etc., R. W. Co.* v. *Shacklet;* 105 Ill. 364.

Judgment reversed, with instructions to render judgment on the special verdict against both of the defendants in the action.

Filed June 18, 1889; petition for a rehearing overruled Sept. 19, 1889.