GULF, COLORADO & SANTA FE RAILWAY COMPANY
ET AL. V. CHARLES GLENK.

No. 1626.

1. **Railway Company—Defective Approaches to Depot.**—In an action against two railway companies for injuries sustained because of a defective sidewalk leading from a union depot used by both companies, but situated on premises belonging to one of them alone, it is no defense that a street railway company had trespassed upon the premises and built its track thereon, where the trespass was not accompanied by such exclusive possession as to prevent all approach by defendants and render it unlawful for them to properly maintain the sidewalk.

2. **Same—Charge of Court—Damages.**—A charge of court directing the jury to assess plaintiff's damages at such sum as would be a fair and reasonable compensation for the injuries and physical and mental suffering sustained by his wife, and for

such sum as would compensate him for any physician's bills necessarily incurred on account of the injuries, held to be correct, and all that was required on this point.

3. Same—Defective Sidewalk.—Where a sidewalk leading to a depot is on the ground of the railway company, and is in common use by the public in passing to and from the depot, and the railway company permits it to become and remain in a defective condition, it will be liable therefor, although it never authorized the original construction and maintenance of such sidewalk.

4. Same—Joint Liability—Union Depot.—The fact that the person injured is not a passenger of the railway company owning the depot grounds and premises, but of another company, jointly using such depot, will not absolve the former company from liability for the defective sidewalk; nor will such ownership of the depot and premises absolve the latter company from its liability.

5. Same—Relation of Carrier and Passenger.—A railway company is chargeable with knowledge of the existence and condition of a sidewalk constituting an approach to its depot and situated on its grounds, and the relation of carrier and passenger continues until the passenger has gone beyond such approach.

6. Same—Charge of Court—Lights—Weight of Evidence.—The expression in the charge of the court, "or in not having the same lighted better than it was, if you find that it was not lighted sufficiently well," held not to be an intimation that the court was of the opinion that there was negligence on account of defective or insufficient lights, the charge fairly leaving that as a fact to the jury.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

Stedman & Thompson, for appellant the Texas & Pacific Railway Company.—1. If the platform or walk was put in without authority of the Texas & Pacific Railway Company, and if after the property was restored it made every reasonable effort to oust the party in possession, and while so doing this accident occurred, the said company could not be liable, as it had no means to get possession of its property except by due process of law. Sinclair v. Stanly, 64 Texas, 67; Parsons v. Brown, 15 Barb., 590; Newcomb v. Irwin, 55 Mich., 620; Cool. on Torts, sec. 323.

2. Plaintiff's wife was not a passenger on the Texas & Pacific railway, and it owed her no duty in reference to lighting up the platform and approaches. There was no claim that the Gulf, Colorado & Santa Fe Railway Company had any contract with the Texas & Pacific Railway Company to furnish lights for its passengers, and in the absence of such an agreement no such duty devolved upon this appellant towards the passengers of the other railway company.

J. W. Terry, for appellant the Gulf, Colorado & Santa Fe Railway Company.—1. The evidence showing that the platform in question was erected by the street railway company on land belonging to the Texas & Pacific Railway Company, and failing to show that the Gulf, Colorado & Santa Fe Railway Company had ever assumed any management or control over the same or participated in the same, or had ever acquired any right to manage or control the same, and the petition alleging that the same was under the exclusive control and management of the Texas & Pacific Railway Company and of the street

railway companies, and the evidence failing to show that the Gulf, Colorado & Santa Fe had ever invited any of its passengers to walk on the same, the charges requested by the appellant the Gulf, Colorado & Santa Fe Railway Company should have been given, and a new trial should have been granted it. The mere fact that the plank walk in question was erected and controlled by the other defendants and used by the public would not render the Gulf, Colorado & Santa Fe Railway Company liable for its condition. The fact that the Texas & Pacific Railway Company and the street railway companies may have erected and maintained a dangerous sidewalk, where it was liable to be used by the public or by passengers on their way from the depot to the town, and may have extended an implied invitation to such to use the same, would not impose liability on the Gulf, Colorado & Santa Fe Railway Company.

2. The Gulf, Colorado & Santa Fe Railway Company had a right to presume that the place in question was a public street. Albert v. Railway, 21 S. W. Rep., 779; Railway v. Griffis, 29 Kas., 539; 13 Am. and Eng. Ry. Cases, 532; Soward v. Railway, 33 Iowa, 386.

*Ben M. Terrell,* for appellee.—1. If place and instrument of injury were part of or an approach to appellants' platform, then there should have been sufficient lights for protection of its passengers using or led into same in the dark; and when the court's general charge upon this phase of case is full and fair to both sides, then special charges and repetitions should be refused. Ray Pas. Carr., secs. 44, 120, 128; Cross v. Railway, 69 Mich., 363; McKone v. Railway, 13 Am. and Eng. Ry. Cases, 29.

2. A passenger depot is not restricted to the mere depot house. All parts of premises, approaches, passways, etc., used for safe and convenient egress and ingress of passengers, are a part of such depot. It means a railway station, embracing all walks, approaches, etc., leading to and from the depot house. Railway v. Thornsbery, 17 S. W. Rep., 521.

3. Although a railway company provides a safe egress from its depot (a fact not conceded to appellant herein), yet if there exist an unsafe way in such general use by its passengers as to induce belief that it was partly provided for that purpose at least, and without warning a passenger is injured thereby, then the company is liable. Ray Pas. Carr., 131; Railway v. Thornsbery, 17 S. W Rep., 521; Railway v. Long, 16 S. W. Rep., 1016; Cross v. Railway, 69 Mich., 363.

4. Where two railway companies jointly use a station, both must use reasonable care for protection of a passenger of either thereat. Pat. Ry. Ac. Law, sec. 224; Ray Pas. Carr., sec. 42, p. 122.

5. The carrier must use reasonable caution to make not only approaches upon its own premises safe, but also those even upon another's ground, used or allowed to be used by its passengers entering

or leaving the place. Ray Pas. Carr., p. 122; Tobin v. Railway, 59 Me., 118; Seymour v. Kailway, 3 Biss., 43.

6. If a passenger carrier knowingly permits a dangerous approach to be used by its passengers, especially when joined to and a part of its platform, it is as much liable for injury therefrom as if it had maintained the unsafe way.   2 Harris Dam. by Corp., sec. 556, foot note "c;" Cross v. Railway, 69 Mich., 363; Collins v. Railway, 80 Mich., 390; Railway v. Johnson, 79 Ala., 436; 3 Am. and Eng. Encyc. of Law, p. 858, foot note.

TARLTON, CHIEF JUSTICE.—The appellee, Charles Glenk, instituted this suit against the Texas & Pacific Railway Company, the Gulf, Colorado & Santa Fe Railway Company, the Fort Worth Street Railway Company, and the North Side Street Railway Company, to recover damages on account of personal injuries sustained by his wife, Lillie Glenk.

A demurrer was presented by the two street railway companies, which having been sustained by the court, the suit was thereafter prosecuted exclusively against the Gulf, Colorado & Santa Fe Railway Company and the Texas & Pacific Railway Company, against which, jointly and severally, a verdict and judgment for $2500 were rendered on February 16, 1893.   From this judgment both the railway companies prosecute this appeal.

On August 10, 1891, about midnight, the plaintiff's wife arrived at Fort Worth as a passenger on a train of the Gulf, Colorado & Santa Fe Railway Company, from Crawford station, in McLennan County. She was accompanied by her brother, two ladies, and a child, and was met at the depot by another brother.   Having alighted from the cars, she walked with her companions along the west side of the main depot platform until she reached a small plank passway or platform, the east end of which abutted upon the west side of the main depot platform. It was the intention of Mrs. Glenk and her companions to go west to Main street, and thence south to her point of destination in the city. The plank sidewalk referred to led from the main depot in the direction desired, and it was the usual passway for passengers walking from the depot to the city.   It extended forty-six feet west along an embankment, when it came to an abrupt end.   It was unguarded by railing or otherwise.   It was constructed so that one or two of the planks extended over the south edge of the embankment.   It was negligently built and maintained.   Mrs. Glenk, ignorant of the condition of this passway, walked along its course westward until she had reached a point near its end, when, being unable to see, on account of darkness, the premises at that point being unprovided with lights, she stepped off the south side of it, falling down the embankment some twenty feet.   She thereby sustained the serious injuries on account of which suit is brought.

On June 22, 1882, the Texas & Pacific Railway Company conveyed to the Fort Worth Street Railway Company, in consideration of a bond of indemnity, the exclusive right to extend and maintain its railway track across and along land known as the "reservation" of the former company in the city of Fort Worth, from the foot of Main street to the Union Depot.

At the time of this accident, the tracks of the two street railway companies originally parties to this.suit extended north of the plank sidewalk in question, being operated from the main depot platform across the "reservation," in the direction of Main street, and connecting with Main street on the west.

About six or seven years prior to the trial in the court below, the Queen City Street Railway Company, or its representative, the Rosedale Street Railway Company, with the permission of the then receiver of the Texas & Pacific Railway Company, built its track along this "reservation," on a line south of the track of the Fort Worth Street Railway Company. It also built this plank sidewalk, which has remained since its original construction as the usual passway in the manner indicated for passengers leaving the trains and going to the city on foot.

This plank sidewalk was an approach to the depot known as the Union Depot at Fort Worth. The Union Depot, including this approach, was built upon land the property of the Texas & Pacific Railway Company. The Union Depot was used as a passenger depot, not only for its owner, the Texas & Pacific Railway Company, but also for several other railway companies, including the Gulf, Colorado & Santa Fe Railway Company. It was thus used by the latter company by virtue of some arrangement between it and the owner, the Texas & Pacific Railway Company, the precise character of which is not disclosed by the evidence. From the absence of such disclosure, coupled with the existence of the arrangement referred to, we infer as a conclusion of fact that each of the companies contributed to the maintenance of the depot and its approaches.

On March 2, 1887, the Fort Worth Street Railway Company obtained a writ of injunction restraining the Queen City and Rosedale Street Railway Companies from operating the line already constructed by them along this reservation. On March 18, 1889, the Texas & Pacific Railway Company, as the owner of the land upon which the Union Depot is located, intervened in the injunction proceeding, with a prayer that the Queen City or Rosedale Street Railway Company be restrained from entering the premises, and that it be required to remove its track. This proceeding terminated on November 13, 1891 (after the accident in question), in a final decree perpetuating the injunction prayed for.

*Opinion.*—We overrule the several assignments of error urged by the appellant the Texas & Pacific Railway Company, predicated on

the fact that the Queen City Street Railway Company had trespassed upon its premises, and had built its track thereupon, and had compelled appellant to resort to the injunction proceeding already described. This trespass was not accompanied by such exclusive possession of the premises as to prevent the appellant from all approach to them, or to make it unlawful for the appellant to properly maintain this sidewalk, or to repair it, or to furnish it with a railing or guards, or to warn or bar passengers from entering upon it.

The special instruction with reference to the measure of damages was properly refused. The charge of the court required the plaintiff to make out his case by a preponderance of the evidence; and in the event that he was entitled to a verdict, the jury were directed to assess his damages at such sum as would be a fair and reasonable compensation for the injuries and physical and mental suffering sustained by the wife, and for such sum as would compensate the plaintiff for any physician's bills necessarily incurred on account of the injuries. This charge was justified by the evidence, and we think was all that was required. The testimony showed that the wife of plaintiff was enceinte at the time of the accident; that on account of it she was threatened with a miscarriage, suffering greatly; that one of her spinal joints was fractured; and that in the opinion of the physician the spinal column was compressed by the fall, accompanied with threatened paralysis.

The seventh and eighth assignments of error complain of the ninth paragraph of the court's charge, which is as follows: "If you believe from the evidence that the place where the plaintiff's wife fell, if you find she did fall, was not a public street of the city of Fort Worth, and had never been laid out, constructed, accepted, nor maintained as such, but find from the evidence that the same was constructed by a street railway company on and over land belonging to the defendant the Texas & Pacific Railway Company, and that the same constituted an approach to the platform of the Union Depot, and was in common use by the traveling public in going to and from the depot platform, and that the same was in an unsafe condition, and was allowed to remain in such condition by the defendants, and that the said defendants or either of them knew of its condition, and was guilty of negligence in allowing the same to remain as it was at the time the plaintiff's wife fell, then the defendants, or such one of them, if either was guilty of negligence, would be liable the same as if it had been originally constructed by the defendants instead of the street railway company."

The preceding remarks indicate that we are unable to sustain the first proposition of appellant asserted in this connection, to the effect that there was no testimony showing that the Texas & Pacific Railway Company had any control over the platform where Mrs. Glenk fell. So we must overrule the subsequent objection to this charge, consisting in the proposition that the company was made liable in the event the platform or walk was unsafe or dangerous, without regard to the question whether or not it ever authorized any one to erect or construct

the same, and whether or not it was maintained and kept there by the permission, consent, or authority of the company.

It devolved upon the Texas & Pacific Railway Company to use reasonable effort to maintain in a safe condition all approaches to its depot. Stewart v. Railway, 53 Texas, 289; Railway v. Thornsberry, 17 S. W. Rep., 521. The sidewalk in question was such an approach; and unless absolved from obligation to the appellee because of the fact that his wife was a passenger of the Gulf, Colorado & Santa Fe Railway Company, and was therefore a stranger to the Texas & Pacific Railway Company, liability for negligence in the respect indicated would attach to the latter company with reference to the appellee.

For reasons already stated, the appellant can not invoke the unauthorized acts of the Queen City Street Railway Company or the Rosedale Street Railway Company to shield itself from this obligation. It is not perceived that the conduct of the trespassing street railway companies was such as to prevent the Texas & Pacific Railway Company from taking proper precautionary measures looking to the protection of persons having business with it. The question then to be considered is, whether the Texas & Pacific Railway Company should be exonerated from all liability in this case, because of the fact that Mrs. Glenk was not a passenger on one of its trains, but was a passenger of the Gulf, Colorado & Santa Fe Railway Company.

We answer this question in the negative. This injury was sustained on account of a defective approach to the depot, and in fact itself a part of the depot grounds, belonging to the Texas & Pacific Railway Company, and thus the property of the Texas & Pacific Railway Company, but jointly used by it and its companion defendant, the Gulf, Colorado & Santa Fe Railway Company. Under these circumstances, we discern much force in the proposition of the appellee, seemingly sustained by the authorities cited, that where the passenger of the one carrier is injured on account of a defective approach thus on common ground used and presumably maintained by both carriers, each should be held liable for the injury sustained by the passenger of either. Pat. Ry. Acc. Law, sec. 224; Ray on Pas. Carr., 122, 152.

In the absence of legislative authority on the part of the Texas & Pacific Railway Company, the owner of the depot and of the premises, it might well be questioned whether it could lease this property to another road, so as to absolve itself from all responsibility for the proper maintenance thereof. It might be cogently urged, that under such a lease the duty would yet rest upon it to keep the depot and its appurtenances in safe condition, and that it would be liable for injuries resulting from a defective condition of the premises, though its liability might coexist with that of the lessee. Hutch. on Carr., 515b, and authorities cited; Rev. Stats., art. 4238.

Without, however, expressly approving this broad statement of the law, we think that the court did not err in assuming in its charge that, by virtue of the joint use by the two companies in this case, both, in

compliance with a joint arrangement, contributed to the maintenance of this depot and its approaches; and hence the consequent joint liability to persons lawfully entering upon the premises, including the passengers of either. Appellee's wife, therefore, while not a passenger on the train of the Texas & Pacific Railway Company, was not, as to it, a trespasser or a stranger, and the appellee could look to it to exercise due care in the proper maintenance of the depot and its approaches.

We proceed, then, to consider the case of the Gulf, Colorado & Santa Fe Railway Company. All the assignments of error urged by it, save the fifteenth, proceed upon the theory that this appellant should not be held liable, for the reason that the sidewalk from or on which the accident occurred was not in the first instance built by it, and because it was not on the ground the property of the appellant.

As already indicated, the plank sidewalk in question was not a public street. It was an approach or passway in constant use by the passengers of the appellant for the purpose of ingress and egress to the main platform of its depot. It was so constructed with reference to its main platform as to constitute an implied invitation to its passengers as a means of ingress and egress. The appellant is chargeable with knowledge of its existence and of its condition. The passengers of the appellant alighted from its trains in its immediate vicinity, and daily went from its depot by means of this approach. The sidewalk had for years been held out by the appellant as such an approach. Whether, therefore, it was actually constructed or not by the appellant, and though it was built upon land which belonged to the Texas & Pacific Railway Company, jointly used, however, by the two, with reference to their business as common carriers, the duty devolved upon the appellant to use reasonable diligence in safely maintaining it as a part of its depot, which includes all the approaches and passways used in immediate connection with its depot house and platform.

By virtue of the joint user of the depot premises between the appellant and the Texas & Pacific Railway Company, and because this approach was a part of its premises, the relation of passenger and carrier still existed between the appellant and Mrs. Glenk at the time of this accident, the premises not having been left nor the journey ended. Ray on Pas. Carr., sec. 44; Cross v. Railway, 69 Mich., 363; Railway v. Thornsberry, 17 S. W. Rep., 521; Railway v. Long, 16 S. W. Rep., 1016; Tobin v. Railway, 59 Me., 183; Collins v. Railway, 80 Mich., 390.

The facts upon which the foregoing conclusions rest were established by evidence in response to the averments of the plaintiff's petition, to the effect that the defendants, including the appellant, negligently constructed and maintained the sidewalk in question; that it was upon a level with the Union Depot, and that thereby an invitation was held out to the traveling public to walk over and across the sidewalk, and depart from the depot; and that it was a necessary part of the plat-

form and the approaches to the depot. If other allegations in the petition tended to contradict the conclusions to be drawn from the foregoing averments, by showing that the appellant the Texas & Pacific Railway Company claimed and exercised exclusive control over the property, no exception was addressed to the petition on account of the contradictory and uncertain character of the allegations, and the evidence establishing the conclusions announced was introduced without objection.

The fifteenth assignment, complaining of the court's charge in the use of the expression, "or in not having the same lighted better than it was, if you find that it was not lighted sufficiently well," is overruled. It is not believed that the expression should be reasonably viewed as an intimation that the court was of the opinion that there was negligence on account of defective or insufficient lights. The question was in fact left to the jury.

The judgment is affirmed.

*Affirmed.*

Delivered February 12, 1895.