JOHN F. GILE *vs.* J. W. BISHOP COMPANY.

Bristol.    October 27, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence.*

A master mechanic of a mill corporation, attending to his business in the mill yard, is not a mere licensee when standing in a driveway near a pile of heavy timber placed there and being worked upon by servants of an independent contractor engaged in altering one of the buildings of the corporation, and, if the servants of the contractor by their negligence cause one of the timbers to fall upon the mechanic while he is standing there in the exercise of due care, he can recover from the contractor for his injuries.

A master mechanic of a mill corporation may be found to be in the exercise of due care when standing in a driveway of the mill yard near a pile of heavy timber placed there by the servants of an independent contractor, with his back to the pile, conferring with the yard master on business of the mill, while the servants of the contractor are working on the timber, and, if he is injured owing to the negligence of the contractor's servants as to the mode of piling the timber or in rolling over one of the timbers so as to cause the outside timber to fall upon him, he can recover from the contractor for his injuries.

TORT, for personal injuries alleged to have been caused by the negligence of the defendant's servants.    Writ dated March 27, 1902.

At the trial in the Superior Court before *Lawton*, J., the following facts appeared:

The plaintiff was, and had been for twelve years, master mechanic of the City Manufacturing Corporation, a corporation engaged in the manufacture of cotton yarn in the city of New Bedford. The defendant, under an independent contract, was engaged in the erection of an addition to the picker house of the corporation. The picker house referred to adjoined one of the main mills. Running the whole length of the main mill building and the picker room was a driveway, which began at the entrance to the mill yard. On either side of the driveway were piles of timbers of North Carolina hard pine, such as are described in the opinion, which had been placed there by the defendant's men.

The plaintiff and the yard master stopped in the roadway near one of these piles of timber to confer on business of the mill. A team came along and they stepped toward the pile of timber, and stood there, the plaintiff with his back to the timber and the yard master sideways to it, facing the plaintiff. The defendant's men were squaring and chamfering the ends of the timbers, and as they finished one, rolled it over and started on the next one. When they rolled the one next to the outside timber, that timber fell upon the plaintiff, breaking both of his legs.

At the close of the evidence the defendant asked the judge to rule, that on the whole evidence the plaintiff could not recover, and that the plaintiff as to the defendant was a mere licensee and the defendant owed no more duty to him than to a stranger. The judge refused to rule as requested.

The jury returned a verdict for the plaintiff in the sum of $4,000, which on the requirement of the judge was reduced to $3,000. The defendant alleged exceptions.

*A. E. Perry & O. S. Cook*, for the defendant.

*E. D. Stetson & G. O. Tobey, Jr.*, for the plaintiff.

KNOWLTON, C. J. The evidence tended to show that the defendant's servants piled timbers of North Carolina hard pine, whose transverse dimensions were eighteen by twelve inches and which were of various lengths, making their weight from two to two and one half tons each, along the side of a driveway in the yard of the City Manufacturing Corporation. They were piled upon blocking, some of which was very short. These men were engaged in squaring and chamfering the ends of the timbers, and

as they finished one they rolled it over and started on the next. While the plaintiff, the master mechanic of the City Manufacturing Corporation, was standing at the side of one of these piles of timbers, talking with the yard master on business of the corporation in which he was engaged, the defendant's servants rolled over one of these timbers and thereby caused the timber next to which the plaintiff was standing to fall over upon him and injure him. The evidence well warranted the jury in finding that there was negligence for which the defendant was liable, either in the mode of piling the timbers, or in the conduct of the workmen in rolling over one of them just before the accident, or in both, and that this negligence caused the plaintiff's injury. *Mahar* v. *Steuer*, 170 Mass. 454.

The defendant contends that the plaintiff was a mere licensee, and that it owed him no duty except to refrain from wilfully or wantonly injuring him. But this contention is not supported by the evidence. The defendant was engaged in the alteration of a picker house of the City Manufacturing Corporation and the corporation was at the same time continuing its business. The defendant was not in exclusive occupation of the yard and grounds of the City Manufacturing Corporation. It used them so far as was necessary for the convenient performance of the work which it had undertaken, and at the same time the employees of the corporation were expected to use them so far as was necessary or proper in the prosecution of the business of that corporation. The defendant was, therefore, bound to exercise reasonable care in reference to these employees who were rightfully there.

There was evidence for the jury in support of the proposition that the plaintiff was in the exercise of due care. They might find that he had no reason to expect that the timber would fall, either from negligent piling, or from the careless conduct of the workmen in rolling over one of the timbers while he was standing at the side of the pile.

*Exceptions overruled.*