FLORENCE A. STAPLES *vs.* PETER BERNABUCCI ET ALS.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 6th, 1934—decided February 5th, 1935.

444

*George E. Beers* and *William L. Beers,* for the appellant (defendant The Atlantic Refining Company).

*Edward S. Pomeranz,* with whom was *George Miske,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (named defendant).

*John Elliott* argued a motion to dismiss the appeal as to defendant 87 Elm Street Corporation, which was granted.

AVERY, J. The plaintiff brought this action to recover damages for injuries claimed to have been sustained by her in falling upon a driveway of a gasoline and parking station on Elm Street in New Haven. Upon the trial before a jury, a verdict was rendered in favor of the plaintiff against the defendant The Atlantic Refining Company, and in favor of the defendant Bernabucci; a verdict was directed for the defendant the 87 Elm Street Corporation. The defendant The Atlantic Refining Company has appealed from the verdict and judgment, and the plaintiff has

appealed from the verdict in favor of the defendant Bernabucci. By stipulation of the parties, no claim is made in this court on the issues of negligence, contributory negligence or the amount of the verdict. The essential question is whether the defendant The Atlantic Refining Company, or the defendant Bernabucci, or both, were in control of the premises where the plaintiff fell.

From the evidence offered, the jury might reasonably have found the facts as follows: On June 30th, 1932, the date of the plaintiff's injury, the premises known as 87 Elm Street in New Haven, were owned by the 87 Elm Street Corporation, and included a parking station for hire, in the rear, and a gasoline station and retail tire store in front facing Elm Street. The gasoline station office building occupied the easterly front part and the tire store the westerly front part. Between these buildings, a passageway or driveway led off Elm Street to the parking lot in the rear. Along the west side of the driveway were located gasoline pumps. To obtain gasoline, a purchaser drove from Elm Street into the driveway and beyond the public sidewalk, stopping opposite the pumps. This was also the common entrance to the parking lot and tire store. In 1919, the entire property was owned by Eyler J. Todd, and in May of that year he leased to The Atlantic Refining Company for ten years, with an option to renew for the same period, the easterly front part of the premises facing Elm Street. Under that lease, Todd reserved to himself and his assigns a right of way twenty feet wide over the leased premises. This passageway extended from Elm Street to the rear part of the property not included in The Atlantic Refining Company's lease. It was agreed that this way was to be used in common between the parties as a driveway for the purpose of reaching the rear of the

property used for the storing of automobiles for hire. The Atlantic Refining Company agreed to pave this way at its own cost and at the termination of the lease to deliver it up to the owner in the same good order and condition as when originally paved, ordinary wear and tear excepted. In 1919, it paved the passageway and surfaced it with a tar covering. It took possession of the property in this year and conducted thereafter a gasoline station on the leased premises; and, at the end of ten years, it renewed the lease for another ten year period but did not then resurface the driveway. The lease as renewed was in effect June 30th, 1932.

On February 21st, 1921, Todd conveyed all his interest in the premises to the Yale Tire and Rubber Company. This company later changed its name to the 87 Elm Street Corporation. On June 13th, 1930, the 87 Elm Street Corporation leased all of the premises, excepting the part already leased to The Atlantic Refining Company, to Peter Bernabucci on an oral month to month arrangement. For two years prior to June 30th, 1932, and at that time, Bernabucci conducted a tire store and garage under the name of the National Tire Company in the building leased by him from the 87 Elm Street Corporation. He also conducted the Atlantic gasoline station under an agreement made with The Atlantic Refining Company in June, 1930. Under this arrangement, he took charge of its part of the premises which included its gasoline station, office building, pumps, grease pits and appliances, all of which that company had installed prior to his management. He sold Atlantic products exclusively, receiving a commission therefor. The station continued to bear the emblem of the Atlantic Company. The Atlantic Refining Company and Bernabucci both paid rent under individual agreements to the 87 Elm Street Corporation; and, under an arrangement between the

three parties, an amount due each month from The Atlantic Refining Company to Bernabucci was sent directly to the 87 Elm Street Corporation and credited by it upon the rent. The Atlantic Refining Company knew that its premises, including the passageway, was used by parking station users, and that persons drove over and walked on it in order to reach their cars so parked. This was never objected to. It desired that the passageway should be used by those entering the parking station because it benefited from the actual and probable sale of its products to those so passing.

On June 30th, 1932, at about noon, the plaintiff's daughter, accompanied by the plaintiff and a friend, drove the plaintiff's car through the driveway and parked it in Bernabucci's parking lot, paying him the sum of twenty-five cents and receiving a parking ticket. The three women left the premises on foot. They returned for the car about 2.30 p.m. While walking along the passageway, the plaintiff tripped over a hole in the pavement and fell, thereby sustaining injuries. The place of her fall was at a point opposite the pumps on the passageway and was a part of the premises leased to The Atlantic Refining Company. During his occupancy of about two years, Bernabucci never made any repairs to the surfacing of the driveway nor did the 87 Elm Street Corporation. After it paved the way in 1919, The Atlantic Refining Company made no further repairs nor did it resurface the pavement until after the plaintiff's injuries. On July 9th, 1932, and on July 8th, 1933, it made repairs thereto at its own expense. These repairs were made in order to encourage patronage on its premises so that the passageway would be inviting to all who made use thereof, thus increasing the opportunities for the sale of its products.

Upon its appeal in this case, The Atlantic Refining

Company contends that the question of its control and possession was not for the jury; that it owed no duty to the plaintiff as its invitee; and that Bernabucci alone was liable. Certain rulings upon admission of evidence were also assigned as error. The plaintiff, upon her appeal, claims that both defendants Bernabucci and The Atlantic Refining Company were liable to her.

Under their respective leases from the 87 Elm Street Corporation, they held the right of way in question in common. They had a mutual interest in its use; Bernabucci, in connection with his parking space in the rear, and The Atlantic Refining Company, in order to increase the sale of its products. Under these circumstances they would be jointly and severally liable for injury done to anyone using it at the express or implied invitation of either. *Werebeychik* v. *Morris Land & Development Co.,* 108 Conn. 226, 230, 142 Atl. 739; *Gile* v. *J. W. Bishop Co.,* 184 Mass. 413, 415, 68 N. E. 837; *Lucas* v. *Pennsylvania Co.,* 120 Ind. 205, 206, 21 N. E. 972; *Kansas City Southern Ry. Co.* v. *Watson,* 102 Ark. 499, 144 S. W. 922, 923; *Gulf, C. & S. F. Ry. Co.* v. *Glenk,* 9 Tex. Civ. App. 599, 605, 30 S. W. 278. The case of *Earley* v. *Hall,* 89 Conn. 606, 95 Atl. 2, does not hold to the contrary but only goes to the extent of deciding that the owner of land over which another has a right of way for certain purposes for their mutual benefit has no obligation to keep it in a reasonably safe condition when that other is using the right of way for the benefit of a third party.

The contract between Bernabucci and The Atlantic Refining Company impliedly, though not expressly, gave to the former the right to use and occupy the portion of the premises leased to the latter for the sale thereon of its gasoline and other products. That agreement was not, however, for any express term; it

did not give to Bernabucci any exclusive right of possession as against The Atlantic Refining Company; it did not provide for the payment of any rent by him; and it did not give him any estate in the land. Under such circumstances Bernabucci had a mere right of user, not amounting to a tenancy. *Branch* v. *Doane,* 17 Conn. 402, 411; 1 Underhill, Landlord & Tenant, § 193. The Atlantic Refining Company continued to exercise control over the surface condition of the way. There was nothing in the arrangement between Bernabucci and The Atlantic Refining Company which freed it from the obligation resting upon it to maintain the driveway in a reasonably safe condition for any person using it at its own express or implied invitation or that of Bernabucci. As far as Bernabucci is concerned, the plaintiff was using the property at his express invitation in connection with the business which he was maintaining on the rear portion, and on familiar principles he would be liable to her for any neglect to keep the way in a reasonably safe condition. Amer. Law Institute Restatement, Torts (Negligence) § 332, Comment C; *Geoghegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 134, 132 Atl. 408; *Ward* v. *Avery,* 113 Conn. 394, 155 Atl. 502; *Stratton* v. *Newberry Co.,* 117 Conn. 522, 525, 169 Atl. 56; *Lunny* v. *Pepe,* 116 Conn. 684, 686, 165 Atl. 552. The trial court was correct in denying the motion of the defendant The Atlantic Refining Company to set the verdict aside as against it, but was in error in denying the motion of the plaintiff to set aside the verdict in favor of the defendant Bernabucci.

The Atlantic Refining Company claims error in the refusal of the trial court to give certain requests to charge and in certain portions of the charge as given. Most of these claims are directed at the theory upon which the trial court submitted the case to the jury, that whether one or the other of the defendants Berna-

bucci or The Atlantic Refining Company, or both, were liable would be determined by a finding as to who was in actual control and possession of the driveway. Upon the undisputed facts of the case, The Atlantic Refining Company was, jointly with Bernabucci, under an obligation to use reasonable care to keep the way reasonably safe for persons using it in going to and from the parking space in the rear. The charge as given was too favorable to this appellant. Moreover, the verdict of the jury must be taken to mean that they found that this appellant was in fact in control and possession of the way, and as that accorded with the legal result of the undisputed facts, this appellant is not in a position to claim error in submitting that issue to the jury. *Cone* v. *Cullen,* 108 Conn. 126, 131, 142 Atl. 674; *Wallace* v. *New York, N. H. & H. R. Co.,* 99 Conn. 404, 414, 121 Atl. 878.

In the course of the trial, counsel for the plaintiff was permitted, over objection of the defendant The Atlantic Refining Company, to offer evidence of repairs made by that company on two occasions after the plaintiff was injured. This evidence was offered for the purpose of showing retention of control by that company and was relevant as bearing upon the question of the nature of the occupation of the premises by the defendant Bernabucci. *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 580, 173 Atl. 273; *Vinci* v. *O'Neill,* 103 Conn. 647, 652, 131 Atl. 408; *Farguet* v. *DeSenti,* 110 Conn. 367, 371, 148 Atl. 139. A witness called by the defendant The Atlantic Refining Company having testified that he was familiar with the premises, having used them almost daily for six years, was asked if he saw anybody fall there. This question was objected to by counsel for the plaintiff and was ruled out by the court as too indefinite as to time and surrounding circumstances. The same ruling was made upon a

question inquiring of a witness whether or not he saw anyone trip or meet with any mishap there. This ruling was correct. The question was too broad. To render such evidence admissible, the inquiry must relate to the place where the injury occurred and to conditions substantially similar to those involved at the time of the injury to the plaintiff. *Taylor* v. *Monroe,* 43 Conn. 36, 42; *Antel* v. *Poli,* 100 Conn. 64, 75, 123 Atl. 272; *Gustafson* v. *Meriden,* 103 Conn. 598, 600, 131 Atl. 437; *Tager* v. *Sullivan,* 113 Conn. 417, 419, 155 Atl. 704; *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 Atl. 346. The other claims of error have been substantially covered by what we have said or do not merit discussion.

There is no error upon the appeal of the defendant The Atlantic Refining Company; there is error upon the appeal of the plaintiff and a new trial is ordered against the defendant Bernabucci.

In this opinion the other judges concurred.