[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR DIRECTED VERDICT
The trial of this case commenced on October 26, 1999. After reviewing the complaint and hearing opening statements and some CT Page 14399 evidence, it appeared to the court that the plaintiff would be unable to establish the liability of the defendant as a matter of law. Thereafter the plaintiff completed the presentation of his case using witness testimony, offers of proof and facts to which the defendant stipulated. In addition, the parties agreed that the jury could be excused and that if the court determined to grant the Motion for Directed Verdict, then it could enter judgment for the defendant as if the jury had been directed to enter a verdict in favor of the defendant.
For purposes this Motion the court finds that the plaintiff proved that the defendant, Stephanie Delaney, formerly known as Stephanie Abbey, purchased a three-family house at 582 North Main Street in Bristol, Connecticut in 1988. At the time she purchased said property a raised cast-iron water pipe was present thereon. The pipe was located within the right of way owned by the City of Bristol and was installed by the Water Department of the City of Bristol in 1937. The pipe remained in the same condition from the time the defendant purchased the property until December 1, 1995 when the plaintiff, David Abramczyk, tripped over the pipe and slipped on a patch of snow causing him to severely injure his ankle. The plaintiff has not alleged any negligence on the part of the defendant due to the presence of snow on her property.
The defendant mowed the grass and removed weeds from around the pipe during the time she owned the property. There was no allegation or evidence that the defendant ever committed any affirmative act to change the condition of the pipe, or to conceal the pipe in any way. The plaintiff had seen the pipe many times prior to the time of the fall because he frequently visited his friend, Mr. McKay, who lived in one of the apartments located on the defendant's property. Personnel from the Bristol Water Department were on the defendant's property at least three times per year. Neither the plaintiff, Mr. McKay, any water company personnel nor the defendant ever notified the Bristol Water Department that the pipe constituted a tripping hazard until after the plaintiff's fall. In 1996 Melvin Strauss, an engineer hired by the plaintiff, notified the Water Department that the pipe was a tripping hazard and within a week thereafter, the Water Department fixed the pipe so that it was no longer a tripping hazard.
A directed verdict may be rendered where the evidence taken in the light most favorable to the plaintiff is insufficient to establish a cause of action against the defendant. Miller v.CT Page 14400United Technologies, 233 Conn. 732, 752, 660 A.2d 810 (1995).
Ordinarily, an abutting landowner is under no duty to keep the public right of way on her property in a reasonably safe condition for travel. Wilson v. City of New Haven, 231 Conn. 277,280, 567 A.2d 829 (1989). It is the sole duty of a municipality to keep its streets and sidewalks in a reasonably safe condition for travel and not the duty of private persons. Doherty v.Winchester, 15 Conn. Sup. 475, 478 (1954). Generally a municipality cannot shift liability to a landowner for an injury resulting from a sidewalk defect. Stevens v. Negligon,116 Conn. 307, 309-310, 164 A. 661 (1933); Kuchinsky v. City of Ansonia,5 Conn. L. Rptr. 192 (1991); Café v. City of Waterbury,5 Conn. L. Rptr. 342, 343 (1991). Liability can be imposed on an abutting landowner only if he causes or conceals the defect in the right of way by affirmative acts. Perkins v. Weibel, 132 Conn. 50, 52,42 A.2d 360 (1945); Hanlon v. Waterbury, 108 Conn. 197, 200,142 A. 681 (1928); Gambardella v. Kaoud, 38 Conn. App. 355, 359,660 A.2d 877 (1995).
The plaintiff correctly argues that a landowner is generally liable for defects on land within her possession and control. He further argues that the fact that the defendant mowed the grass around the pipe somehow constitutes evidence that the defendant exercised possession and control of the pipe itself. He maintains this argument notwithstanding that he himself introduced evidence of the subsequent repair of the pipe made by the City of Bristol. Subsequent repairs are generally deemed to constitute evidence of control. Rokus v. Bridgeport, 191 Conn. 62, 66, 463 A.2d 252
(1983); Wilson v. New Haven, supra at 282; Williams v. MilnerHotels Co., 130 Conn. 507, 510, 36 A.2d 20 (1944); Staples v.Bernabucci, 119 Conn. 443, 450, 177 A. 380 (1935).
There was no evidence presented that the defendant had any control over the pipe. The evidence presented by the plaintiff himself was to the contrary. As a matter of law the defendant had no liability for a hazardous condition which the plaintiffs own evidence demonstrated was created and controlled (and ultimately repaired) by the City of Bristol. Therefore, judgment may enter in favor of the defendant.
By the court, Aurigemma, Judge CT Page 14401